NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH P. CARSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3135, 2015-3211

---

Petitions for review of the Merit Systems Protection Board in Nos. AT-1221-14-0620-W-1, AT-1221-15-0092-W-1.

---

Decided: March 17, 2017

---

JOSEPH P. CARSON, Knoxville, TN, pro se after argument. LORING EDWIN JUSTICE, Loring Justice, PLLC, Knoxville, TN, argued for petitioner. Also formerly represented by BRIAN CHADWICK RICKMAN.

JEFFREY GAUGER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. Also represented by BRYAN G. POLISUK.

ZENA DENISE CRENSHAW-LOGAL, Crown Point, IN, pro se, as amicus curiae.

ANDREW DUDLEY JACKSON, Crown Point, IN, pro se, as amicus curiae.

BRENDA MCCRACKEN, Joliet, IL, pro se, as amicus curiae.

―――――――――――

Before NEWMAN, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Joseph P. Carson seeks review of the March 25, 2015 and August 17, 2015 decisions of the Merit Systems Protection Board ("the Board") dismissing his whistleblower claims against the Office of Special Counsel ("OSC") for lack of jurisdiction and adjudicatory efficiency, respectively. *Carson v. Office of Special Counsel*, 2015 WL 1353650 (M.S.P.B. Mar. 25, 2015); *Carson v. Office of Special Counsel*, 2015 WL 4884874 (M.S.P.B. Aug. 17, 2015).

In the first case, the Board determined that Carson's allegations against the OSC—in brief, that the OSC failed to investigate or resolve his other whistleblower allegations against his employer, the Department of Energy— did not themselves describe a "personnel action" within the meaning of the Whistleblower Protection Enhancement Act. *Carson*, 2015 WL 1353650, at ¶¶ 11–12 (quoting 5 U.S.C. § 2302(a)(2)(A) (2012)). Accordingly, the Board dismissed Carson's claim for lack of jurisdiction. *Id.* at ¶ 1. Carson timely appealed that decision to this court. In the second case, the Board determined that a subsequent claim filed by Carson essentially "raise[d] the same claims" and, because the first case was still pending on appeal and not yet final, "dismiss[ed] . . . based upon adjudicatory efficiency." *Carson*, 2015 WL 4884874, at

¶ 12 (citing *Bean v. U.S. Postal Serv.*, 120 M.S.P.R. 447 (2013); *Zgonc v. Dep't of Def.*, 103 M.S.P.R. 666 (2006)). Carson timely appealed that decision as well, and the two cases were consolidated before this court.

After full review of the record, oral argument, and Carson's proposed corrections to statements made at oral argument, we find no error in the Board's analysis. Specifically, we find that Carson failed to allege that a cognizable personnel action was taken against him and that, in the absence of such allegations, the Board lacked jurisdiction to review Carson's claims. We also find that the Board did not err in dismissing Carson's duplicate claim on administrative efficiency grounds. And, we do not find Carson's proposed corrections to the record material to these findings. Accordingly, the Board's decisions are affirmed and Carson's motion to correct is denied as moot.[1]

**AFFIRMED**

---

[1]    To the extent that Carson, in that same motion, requests that we administer "disciplinary action" to one or more of the attorneys involved in this appeal, that request is denied. Such complaints should be addressed, instead, to the relevant disciplinary tribunals, not to this court.